```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


PAUL E. LEWIS,                     :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :     Case No. 3:14-CV-01592 (RNC)
                                   :
R. THOMAS CLARK,                   :
                                   :
                                   :
     Defendant.                    :
```

RULING AND ORDER

Plaintiff Paul Eric Lewis, proceeding *pro se* and *in forma pauperis*, initiated this case by way of a complaint filed on October 27, 2014 (ECF No. 1).  He has since filed several amended complaints.  See ECF Nos. 52, 53, 55 & 75.  The Court treats his latest amended complaint, ECF No. 75, as the operative pleading.[1]

The statute that authorizes the Court to permit a plaintiff to proceed *in forma pauperis* requires the Court to "dismiss the case at any time" if it "determines that . . . the action . . . 1) is frivolous or malicious; 2) fails to state a claim on which

---

[1] Plaintiff filed his first motion to amend (ECF No. 52) on March 6, 2015.  Because this occurred fewer than 21 days after defendant R. Thomas Clark filed a motion to dismiss, see ECF No. 42, plaintiff was permitted to amend as a matter of course.  Fed. R. Civ. P. 15(a)(1)(B).  Plaintiff's latest amended complaint (ECF No. 75) is, on the whole, quite similar to the earlier versions, though it amplifies some of plaintiff's contentions and adds new defendants.  Mindful of the solicitude owed *pro se* litigants, see, e.g., Tracy v. Freshwater, 623 F.3d 90, 92 (2d Cir. 2010), the Court will treat ECF No. 75 as the operative complaint although it was filed outside the 21-day window during which plaintiff was permitted to amend as of right.

relief may be granted; or 3) seeks monetary relief against a defendant who is immune from such relief."  Title 28 U.S.C. § 1915(e)(2)(B).

For reasons that follow, the Court concludes that plaintiff's complaint fails to state a claim on which relief may be granted.  Accordingly, all the claims will be dismissed, although some will be dismissed without prejudice.

I. Background

Plaintiff's amended complaint, charitably construed, alleges the following facts.  In 2008, plaintiff was enrolled as a graduate student at Southern Connecticut State University (SCSU).  On July 3 of that year, he received a telephone call from Joe Dooley, chief of campus police.  Chief Dooley told plaintiff he was banned from SCSU's campus because he had provided a false ID to campus security.  Plaintiff had no chance to be heard in connection with the ban.

This event was not plaintiff's first run-in with SCSU officials.  He was also banned from campus in 2005, although he was not informed of this at the time and suspects "it was added later and applied retroactively in a cover-up."[2]  ECF No. 75, at 21.  Moreover, in 2006, Chief Dooley "commit[ted] aggravated telephone harassment" by routinely phoning plaintiff at his

---

[2]Plaintiff seems to allege that he was told about the 2005 ban in July 2008.

2

Milford, Connecticut home, apparently at the behest of retired SCSU Vice President Ronald Herron.  Id.

Plaintiff did not contest his mistreatment until October 2013, when he wrote a letter to the Connecticut Board of Regents for Higher Education inquiring about the campus bans.  He received a reply from R. Thomas Clark, assistant counsel to the Board of Regents, stating that the bans were valid and plaintiff, by failing to contest them in a timely manner, had waived any right to a hearing he might have enjoyed.

Plaintiff alleges that defendants discriminated against him for impermissible reasons.  He states that he was disfavored by campus officials because he was believed to be homosexual, because he is "older," because he is disabled, and because he engaged in protected speech.  On this basis plaintiff brings claims against Herron, Clark, the Board of Regents, SCSU Vice President for Student Affairs Tracy M. Tyree, and SCSU Deans of Student Affairs Jules Tetreault and Christopher M. Piscitelli.

Plaintiff asserts a litany of claims against all defendants.  These fall basically into two groups.  The first focuses on the summary nature of the decision to bar him from campus.  This forms the basis of plaintiff's due process claim, in which he asserts he was deprived of a protected interest in accessing the campus.  The second group of claims focuses on the defendants' reasons for taking action against plaintiff.  This group includes

claims under the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution; Titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.* & 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 *et seq.* (ADA); the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*; Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* (IDEA); the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *eq seq.* (CFEPA); and Connecticut's public accommodation statute, Conn. Gen. Stat. § 46a-64.[3]  Plaintiff seeks $14,000,000 in damages and injunctive relief.

II. Discussion

Under 28 U.S.C. § 1915(e), the Court must dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted.  To survive review under § 1915(e), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)).

---

[3]Against defendant Clark plaintiff also alleges obstruction of justice.  As a remedy he seeks Clark's arrest.

Reviewing a complaint's sufficiency is a two-step process. First, the Court must separate the complaint's well-pleaded factual allegations from its legal conclusions. Well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded. Id. Second, the Court must determine whether the well-pleaded facts in the complaint support a reasonable inference that the plaintiff is entitled to relief. Id. This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint containing facts "that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Having reviewed plaintiff's complaint under this standard, the Court concludes that all the claims must be dismissed, although some can be dismissed without prejudice.

A. <u>Claims Against Defendants Board of Regents, Herron, Tyree, Tetreault and Piscitelli</u>

The claims against defendants Board of Regents, Herron, Tyree, Tetreault and Piscitelli arise out of three incidents: plaintiff's first ban from SCSU's campus in 2005, harassing telephone calls plaintiff received in 2006, and plaintiff's

second ban from campus in July 2008.  These claims must be dismissed because they are barred by the applicable statutes of limitations.

The statute of limitations is generally raised as an affirmative defense.  Nevertheless, a court may appropriately dismiss a claim as time-barred when the "plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness."  Cancer Foundation, Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674-75 (7th Cir. 2009); see also Perez v. Doe, No. 98 Civ. 5341 (FB) (MDG), 2001 WL 370224, at *2 (E.D.N.Y. Apr. 11, 2001) (reviewing complaint under § 1915(e) and dismissing it as time-barred).

In this case, plaintiff alleges that he was harassed by telephone in 2006 and notified of his bans from campus in July 2008.  His causes of action therefore accrued in 2006 and 2008.[4]

---

[4] That plaintiff is still banned from campus today does not transform defendants' conduct into an actionable "continuing violation."  The continuing violation doctrine holds that "the running of the statute of limitations may be tolled until the last act of discrimination where a plaintiff has experienced a continuous practice and policy of discrimination."  Malony v. Conn. Orthopedics, P.C., 47 F. Supp. 2d 244, 248 (D. Conn. 1999).  But the doctrine does not apply when, as in this case, the alleged discrimination is not "ongoing," but rather "merely the consequence of, or present effect of, a now-time-barred event."  21 Federal Procedure, Lawyers Edition § 50:72 (2007); see also Kinlock v. Yourth, No. 11 Civ. 8696 (JGK), 2012 WL 4460760, at *2 n.2 (S.D.N.Y. Sept. 27, 2012) (plaintiff who alleged he had been placed on New York's sex offender registry four years earlier and still remained on the registry did not allege a continuing violation; his claim accrued the day he was ordered to register); Paladino v. Potter, No. 06 Civ. 5930 (JFB) (AKT), 2007 WL

See Pinkston v. Connecticut, No. 3:09 Civ. 633 (JCH), 2009 WL 2852907, at *2 (D. Conn. Sept. 2, 2009) ("Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action."); Conn. Gen. Stat. §§ 46a-82, 46a-102 (timeliness of a CFEPA complaint is measured from the date the act of discrimination occurred).  But plaintiff did not file this lawsuit until October 2014, more than six years after he learned about the bans and eight years after the harassing phone calls.[5]

    Plaintiff's claims are clearly time-barred because none of the statutes on which he relies has a limitations period longer

---

4255247, at *6 (E.D.N.Y. Nov. 29, 2007) ("[R]efusal to undo a discriminatory decision is not a fresh act of discrimination.") (quoting Lucas v. Chicago Transit Auth., 367 F.3d 714, 723 (7th Cir. 2004)).  Plaintiff is still subject to the bans and defendants still refuse to lift them, but for purposes of the complaint's timeliness the date that matters is the date plaintiff learned they had been imposed.

    [5]Although plaintiff seeks equitable relief as well as damages and a statute of limitations defense has traditionally been available against legal claims but not purely equitable ones, the relevant statutes of limitations nonetheless apply to all his claims.  With a minor exception discussed in n.6, *infra*, plaintiff is not asserting any independent equitable causes of action.  He is simply seeking equitable relief, as well as damages, under the statutes he identifies.  When "a suit in aid of a federally-created right is brought seeking both legal and equitable relief, 'equity will withhold its remedy if the legal right is barred by the local statute of limitations.'"  Williams v. Walsh, 558 F.2d 667, 671 (2d Cir. 1977); see also Kinlock, 2012 WL 4460760, at *2 ("In New York, the statute of limitations governing § 1983 claims is three years.  The three-year period also applies to the plaintiff's claims for declaratory and injunctive relief.") (internal citations omitted).

than four years, and most are shorter.[6] See Curto v. Edmondson, 392 F.3d 502, 504 (2d Cir. 2004) (a court adjudicating a Title IX claim should borrow the relevant state's statute of limitations for personal injury actions); Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (Connecticut's residual personal injury statute of limitations runs for three years); Lee v. Dep't of Children & Families, 939 F. Supp. 2d 160, 171 (D. Conn. 2013) ("In Connecticut, the three-year statute of limitations from Conn. Gen. Stat. § 52-577 is applied to Rehabilitation Act claims."); Williams v. New York City Housing Auth., 458 F.3d 67, 69 (2d Cir. 2006) (Title VII claimant must file a charge with the EEOC or equivalent state agency within 300 days of the alleged discriminatory conduct); Schmitt v. Gen. Elec. Co., No. 3:06 Civ. 726 (PCD), 2007 WL 1245312, at *3 (D. Conn. Apr. 25, 2007) (the 300-day limitations period also applies to ADA claims); Dontigney

---

[6] With respect to two of plaintiff's claims, the statute of limitations is not an apt ground of dismissal. But these claims fail for other reasons. Connecticut's public accommodation statute, Conn. Gen. Stat. § 46a-64, has no statute of limitations, but that is because it does not provide a private right of action at all. McPhail v. City of Milford, No. 054506S, 1999 WL 126796, at *3 (Conn. Super. Feb. 25, 1999). Neither does the statute of limitations block plaintiff's claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, because "only equitable relief is available under § 2000a, [so] courts have found that no statute of limitations applies to § 2000a claims." Jackson v. Waffle House, Inc., 413 F. Supp. 2d 1338, 1362 (N.D. Ga. 2006). But § 2000a applies only to claims of discrimination based on "race, color, religion or national origin," Seidenberg v. McSorley's Old Ale House, Inc., 317 F. Supp. 593, 595 (S.D.N.Y. 1970), and plaintiff has not alleged that he suffered discrimination on any of these bases.

v. Paramount Pictures Corp., 411 F. Supp. 2d 89, 91 (D. Conn. 2006) ("In Connecticut, the limitations period for filing an action under 42 U.S.C. § 1983 is three years."); Mr. & Mrs. D. v. Southington Bd. of Educ., 119 F. Supp. 2d 105, 111 (D. Conn. 2000) (statute of limitations for claims under IDEA is two years); Conn. Gen. Stat. § 46a-82(f) (CFEPA complainant must file an administrative charge with the CHRO within 180 days of the alleged act of discrimination); 24 C.F.R. § 146.33 (Age Discrimination Act claimant must file an administrative charge with the Department of Housing & Urban Development "within 180 days from the date the complainant first had knowledge of the alleged act of discrimination").[7]  Nothing in plaintiff's complaint suggests that an exception to these limitations periods might be applicable.  If plaintiff believes an exception applies, he may file an amended complaint alleging facts supporting the exception.  But as pled the claims against the Board of Regents, Herron, Tyree, Tetreault and Piscitelli must be dismissed as time-barred.[8]

---

[7]As noted, some of plaintiff's claims were required to be presented for administrative review within a certain period of time.  It appears plaintiff once contacted the Department of Education about his case but has never filed a formal complaint with any appropriate administrative body.  See ECF No. 58, at 2.

[8]By grounding its ruling on the complaint's tardiness, the Court does not mean to imply that plaintiff's claims are otherwise sound.  Clark's opposition to plaintiff's motion to amend the complaint (ECF No. 56) shows that they are not.  For example, plaintiff may not pursue his Title VII, ADA or Age

9

B. <u>Claims Against Defendant Clark</u>

Plaintiff alleges he wrote to the Board of Regents to inquire about the campus bans in October 2013.  Clark, who is assistant counsel to the Board, replied by letter a month later stating that the bans were valid and plaintiff had waived any right he might have had to contest them.  In so doing, plaintiff alleges, Clark "covered up the crimes" committed by the other defendants and prevented the Board from lifting the bans.  ECF No. 75, at 11-12.  Most of plaintiff's claims against Clark, which arise out of events that occurred in November 2013, are not time-barred.[9]  But each must be dismissed for other reasons.

1. <u>Criminal Charge</u>

Plaintiff asserts that Clark committed a crime by obstructing justice and seeks Clark's prosecution.  But "crimes are prosecuted by the government, not by private parties."  <u>Hill</u>

---

Discrimination Act claims in federal court without first exhausting them, and he has failed to do so.  Moreover, many of his claims suffer from serious substantive flaws.  For instance, plaintiff has not alleged he was employed by SCSU, even though "the existence of an employer-employee relationship is a primary element of Title VII claims."  <u>Gulino v. New York State Educ. Dep't</u>, 460 F.3d 361, 370 (2d Cir. 2006).  If plaintiff is able to allege facts showing that his claims are not time-barred, the issues identified in ECF No. 56 will then be addressed.

[9]This does not appear to be true of plaintiff's Title VII, ADA, Age Discrimination Act and CFEPA claims, which (as discussed above) plaintiff was obliged to present for administrative review in relatively short order after the complained-of events.  But these claims also fail on the same grounds as plaintiff's timely claims, and for the sake of clarity the Court will focus on those grounds alone.

v. Didio, 191 Fed. Appx. 13, 14-15 (2d Cir. 2006).  Because plaintiff has no right to sue Clark for obstruction of justice, or insist that he be prosecuted, this count will be dismissed with prejudice.

2. Fifth and Sixth Amendments

Plaintiff alleges that Clark denied him his right to "a speedy and public trial" under the Sixth Amendment and his right to due process under the Fifth.  The right to a speedy and public trial applies only in criminal prosecutions.  Plaintiff is not being prosecuted, so this case does not implicate the Sixth Amendment.  See U.S. Const. amend. VI.  As for the Fifth Amendment's Due Process Clause, it constrains only federal actors, not state officials.  Ambrose v. City of New York, 623 F. Supp. 2d 454, 466 (S.D.N.Y. 2009).  Clark is not a federal officer.  Accordingly, plaintiff's claims under the Fifth and Sixth Amendments will be dismissed with prejudice.

3. Procedural Due Process

Plaintiff alleges that he was deprived of a liberty interest without due process of law when he was banned from SCSU's campus without a hearing.  A Fourteenth Amendment procedural due process claim is composed of two elements: 1) the existence of a property or liberty interest and 2) deprivation of that interest without due process.  Bryant v. New York State Educ. Dep't, 692 F.3d 202, 218 (2d Cir. 2012).  Even assuming plaintiff had a liberty

interest in entering SCSU's campus, his claim against Clark fails.  Plaintiff asserts that he was banned from campus by Chief Dooley in 2008, so the alleged deprivation occurred at that time.  The complaint does not suggest that Clark had any part in the decision to ban plaintiff.  Instead, he did no more than affirm the ban's validity when plaintiff contacted him in 2013.  Because Clark had no role in the alleged deprivation, the procedural due process claim against him must be dismissed with prejudice.

4. <u>Remaining Claims</u>

Plaintiff's remaining claims are brought under the First Amendment, the Fourteenth Amendment's Equal Protection Clause, the Civil Rights Act of 1964, the ADA, the Rehabilitation Act, the Age Discrimination Act, Title IX, IDEA and CFEPA.  Though the elements of these claims differ in their particulars, each depends on plaintiff's showing that he is a member of a protected class[10] and was treated differently from similarly situated persons for impermissible reasons.  <u>See, e.g.</u>, 42 U.S.C. § 6102 (prohibiting discrimination "on the basis of age" by programs or activities receiving federal financial assistance); 42 U.S.C. § 2000e-2(a) (unlawful employment practice to discriminate against an individual "because of such individual's race, color,

---

[10]With the exception of plaintiff's First Amendment claim, which depends on a showing not that plaintiff is a member of a protected class but that he engaged in protected speech. <u>Curley v. City of Suffern</u>, 268 F.3d 65, 73 (2d Cir. 2001).

religion, sex, or national origin"); Brisbane v. Milano, 443 Fed. Appx. 593, 594 (2d Cir. 2011) (summary order) (Equal Protection plaintiff must show that "differential treatment was based on impermissible considerations" (internal quotation marks omitted)); Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d Cir. 2006) (ADA plaintiff must show that he was treated poorly "because of his disability" (internal quotation marks omitted)).

Though the complaint is not perfectly clear on this point, plaintiff appears to allege that Clark was motivated by unlawful animus when he wrote the letter explaining that the bans were valid. Specifically, plaintiff seems to allege that Clark affirmed the validity of the bans, thus "cover[ing] up the crimes" of the other defendants, because of plaintiff's protected speech, because plaintiff is "older," because plaintiff is disabled, and because he believed plaintiff to be homosexual. For reasons discussed below, plaintiff's allegations do not support a plausible inference that plaintiff is entitled to relief.

a. First Amendment

A private citizen asserting retaliation in violation of the First Amendment must allege that "1) he has an interest protected by the First Amendment; 2) defendants' actions were motivated or substantially caused by his exercise of that right; and 3) defendants' actions effectively chilled the exercise of his First

Amendment right." <u>Curley</u>, 268 F.3d at 73.  Plaintiff's claim does not pass muster.  Though his complaint refers in passing to acts of protected speech – for instance, plaintiff wrote a letter to Clark, and writing letters is undoubtedly protected by the First Amendment – plaintiff does not identify any particular instance of speech that he believes motivated Clark's actions.  Nor can the Court discern a connection between any speech mentioned in the complaint and Clark's letter.  Plaintiff has not, for example, alleged that Clark behaved more favorably toward people who engaged in no First Amendment activity but were otherwise similarly situated to plaintiff.  The Court therefore cannot reasonably infer that Clark retaliated against plaintiff because of his protected speech.  Accordingly, the claim will be dismissed without prejudice.

b. <u>Plaintiff's Age</u>

Several of plaintiff's statutory claims are predicated on the suggestion that Clark discriminated against him because he is "older."  All these claims require plaintiff to plausibly allege a causal connection between his age and Clark's actions.  Plaintiff has failed to do so.  The complaint does not suggest that younger people received different treatment from Clark or that Clark made any statements or engaged in any conduct reflecting animus toward older people.  Indeed, the complaint does not even state that Clark knew plaintiff was "older."

Accordingly, the claims of discrimination based on plaintiff's age will be dismissed without prejudice.

c. <u>Plaintiff's Perceived Sexual Orientation</u>

Plaintiff seems to allege that Clark discriminated against him because Clark thought him to be homosexual.  But read as charitably as possible, the complaint asserts only that 1) Clark thought plaintiff was homosexual, and 2) Clark wrote plaintiff a letter stating he had been validly banned from campus.  Nothing in the complaint suggests the existence of a causal connection between plaintiff's perceived sexual orientation and the letter.  Accordingly, this claim will be dismissed without prejudice.

d. <u>Plaintiff's Disability</u>

Finally, plaintiff alleges that Clark mistreated him because of his disability.  But plaintiff has alleged that he is disabled only in the most conclusory terms.  <u>See</u> ECF No. 75, at 14 ("Plaintiff is . . . a Disabled Person."); <u>Iqbal</u>, 556 U.S. at 678 (legal conclusions are not well-pleaded factual allegations and may not be considered in determining whether to dismiss a complaint).  If plaintiff believes he suffers from a disability, he must plead facts describing the nature of that disability so the Court may determine whether he is protected under statutes like the ADA and CFEPA.  In addition, he must plead facts permitting a reasonable inference that he was subjected to discrimination because of that disability.  Because plaintiff's

amended complaint does not contain any such allegations, the claims based on plaintiff's alleged disability will be dismissed without prejudice.

III. Conclusion

Accordingly, plaintiff's claims against defendants Board of Regents, Herron, Tyree, Tetreault and Piscitelli for violations of Conn. Gen. Stat. § 46a-64 and Title II of the Civil Rights Act of 1964 are hereby dismissed with prejudice.  The claims against Clark for obstruction of justice, violation of the Fifth and Sixth Amendments, and violation of the Due Process Clause's procedural guarantee are likewise dismissed with prejudice.

The other claims against defendants Board of Regents, Herron, Tyree, Tetreault and Piscitelli are hereby dismissed without prejudice because they are time-barred.  The other claims against Clark are hereby dismissed without prejudice because plaintiff has failed to plausibly allege that he was treated differently from similarly situated persons due to his protected speech or a protected characteristic.

If plaintiff believes his claims against defendants Board of Regents, Herron, Tyree, Tetreault and Piscitelli are not time-barred because an exception to the statute of limitations applies, he may replead to allege facts supporting the exception. Similarly, if plaintiff is aware of facts supporting a reasonable inference that Clark mistreated him because of his protected

speech, disability, age or perceived sexual orientation, he may assert those facts in an amended complaint.

Plaintiff is reminded that a legal pleading need not contain lengthy narrative or argument.  Indeed it should not.  All that is required, and all that plaintiff should submit, is a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

So ordered this 25th day of June, 2015.

/s/
Robert N. Chatigny
United States District Judge