```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

PAUL E. LEWIS,                        :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :   Case No. 3:14-CV-1592 (RNC)
                                      :
R. THOMAS CLARK, ET AL.               :
                                      :
     Defendants.                      :
```

## RULING AND ORDER

Plaintiff Paul E. Lewis, proceeding pro se and in forma pauperis, brings this action against the Connecticut Board of Regents and others alleging mistreatment in connection with decisions banning him from the campus of Southern Connecticut State University ("SCSU") in 2005 and again in 2008.  In June 2015, the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.  See ECF No. 87.  To avoid dismissal under § 1915(e), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A pro se complaint is construed liberally "and interpreted to raise the strongest claims that it suggests," but even "a pro se complaint must state a plausible claim for relief." Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013).  Plaintiff was given an opportunity to replead some of his claims.  Since then, he has submitted a

1

number of filings, including multiple amended complaints.  His most recent amended complaint, ECF No. 125, is now the operative pleading.[1]  Because the amended complaint fails to allege facts that cure the deficiencies described in the June 2015 ruling, because plaintiff has had an opportunity to replead in light of the guidance provided by the June 2015 ruling, and because a liberal reading of the amended complaint gives no indication that a valid claim might be stated, the action will now be dismissed with prejudice.

As discussed in the June 2015 ruling, familiarity with which is assumed, the claims plaintiff has been allowed to replead fall into two groups.  First, claims against the Board of Regents and four individuals (defendants Herron, Tyree, Tetreault, and Piscitelli) alleging that the bans in 2005 and 2008 violated his rights.  As to these claims, plaintiff has been given an opportunity to allege facts supporting an exception to the statute of limitations.  Second, claims against defendant Clark alleging impermissible differential treatment in connection with

---

[1] Both before and after the deadline for amended pleadings, plaintiff submitted several amended complaints and other related filings.  Many of these documents are similar to, if not duplicates of, earlier versions.  The Court treats ECF No. 125 as the operative complaint because that document is plaintiff's most recent submission and is docketed as an amended complaint.  However, mindful of the solicitude owed pro se litigants, see, e.g., Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010), the Court has reviewed the other submissions for any relevant allegations.

Clark's handling of a letter submitted by the plaintiff to the Board of Regents in 2013.  As to these claims, plaintiff was given an opportunity to file an amended complaint alleging facts supporting a reasonable inference that Clark had engaged in unlawful retaliation or discrimination.

With regard to the first group of claims, the amended complaint makes it clear that plaintiff has withdrawn his claims against Herron, Tyree, Tetreault, and Piscitelli, but wishes to pursue claims against the Board of Regents.  See ECF No. 125, at 4 ("Again, I state my claims are not time-barred because there is an exception to the statute of limitations, as, again, this complaint is not against Herron, Tyree, Tetreault and Piscitelli.  It is against [the] Board of Regents and R. Thomas Clark.").  Even as to the Board, however, the amended complaint does not allege facts suggesting that an exception to the statute of limitations could conceivably apply.

As the Court has explained, the continuing violations doctrine does not apply to make plaintiff's claims timely.  See ECF No. 87, at 6 n.4.  Second, although plaintiff alleges that he pursued his claims in a timely manner by speaking with various elected officials, see ECF No. 125, at 9, he does not say that he pursued judicial remedies, or that the tardiness of the complaint is attributable to misleading conduct by the Board, as might support an argument for equitable tolling.  See Zerilli-Edelglass

3

v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). In addition, although equitable tolling may be appropriate when failure to comply with the statute of limitations is due to a medical condition, see Brown v. Parkchester S. Condominiums, 287 F.3d 58, 60 (2d Cir. 2002), plaintiff's allegations that he underwent surgeries in 2008, see ECF No. 125, at 9, do not suggest that his medical condition prevented him from filing this action until 2014 - more than six years later.  Finally, plaintiff states that he presented his case to the EEOC, see ECF No. 125, at 16-17, but he does not allege any facts that support his timely filing of a formal complaint with any appropriate administrative body.  These claims are therefore dismissed with prejudice.

Regarding the claims against Clark, the amended complaint does not plausibly allege that plaintiff was treated differently from similarly situated persons due to his protected speech or a protected characteristic.  None of the specific factual content plaintiff has alleged demonstrates a causal connection between protected speech and retaliation, nor does it support an inference of discriminatory motivation.  Allegations that another student was banned from SCSU on the basis of age, that other universities may have settled or lost lawsuits unrelated to the bans at issue here, or that an SCSU professor may have opposed a female professor because of her sexual orientation, shed no light

on whether plaintiff was banned from the campus for impermissible reasons. Thus, these claims are dismissed with prejudice.

Accordingly, the amended complaint is hereby dismissed with prejudice. In light of plaintiff's failure to allege facts in the amended complaint that state plausible claims for relief, notwithstanding the guidance provided by the June 2015 ruling, leave to replead will not be granted. The Clerk may enter judgment in favor of the defendants dismissing the action.

So ordered this 22nd day of April 2016.

/s/ RNC
Robert N. Chatigny
United States District Judge
